MICHAEL J. BETTINGER (STATE BAR NO. 122196)
TIMOTHY P. WALKER, PHD (STATE BAR NO. 105001)
 mike.bettinger@klgates.com
 timothy.walker@klgates.com
K&L GATES
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendant
ETRON TECHNOLOGY AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES B. GOODMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ETRON TECHNOLOGY AMERICA, INC.<br><br>Defendant. | Case No. CV 08-00995-WDB<br><br>**ETRON TECHNOLOGY AMERICA, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

Defendant ETRON TECHNOLOGY AMERICA, INC., ("Etron") responds to the complaint of plaintiff JAMES B. GOODMAN ("Goodman" or "Plaintiff") as follows:

Etron denies each and every allegation contained in Plaintiff's complaint for Patent Infringement (the "Complaint"), except as specifically admitted or explained herein. To the extent that the headings or any other non-numbered statements in Plaintiffs' Complaint contain any allegations, Etron denies each and every allegation.

## JURISDICTION

1. In response to paragraph 1 of the Complaint, Etron admits that the Complaint purports to state a cause of action for the infringement of United States Patent No. 6,243,315 ("the

1  '315 patent") under the patent laws of the United States under Title 35 U.S.C. § 271 and § 281.
2  Etron admits that the Complaint purports subject matter jurisdiction under 28 U.S.C. §§ 1331 and
3  1338(a).  Except as expressly admitted herein, Etron denies each and every remaining allegation of
4  paragraph 1 of the Complaint.

5    2.    In response to paragraph 2 of the Complaint, Etron admits that the Complaint
6  purports to state that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and
7  1400(b).  Except as expressly admitted herein, Etron denies each and every remaining allegation of
8  paragraph 2 of the Complaint.

9    3.    In response to paragraph 3 of the Complaint, Etron lacks sufficient knowledge or
10  information to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on
11  that basis, denies the allegations of paragraph 3 of the Complaint.

12    4.    In response to paragraph 4 of the Complaint, Etron admits that it has a principle place
13  of business at 3375 Scott Blvd., Santa Clara, CA 95054.  Except as expressly admitted herein, Etron
14  denies each and every remaining allegation of paragraph 4 of the Complaint.

15  **INTRADISTRICT ASSIGNMENT**

16    5.    In response to paragraph 5 of the Complaint, Etron admits that claims for patent
17  infringement are an excepted category under Civil L. R. 3-2(c) and are assigned on a district-wide
18  basis.  Except as expressly admitted herein, Etron denies each and every remaining allegation of
19  paragraph 5 of the Complaint.

20  **CAUSES OF ACTION FOR PATENT INFRINGEMENT**

21    6.    Etron admits that United States Patent No. 6,243,315 ("'315 patent") is entitled
22  "Computer Memory System With A Low Power Mode."  Etron is without information sufficient to
23  form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and, on that
24  basis, except as so admitted, denies the allegations of paragraph 6 of the Complaint.

25    7.    In response to paragraph 7 of the Complaint, Etron admits that the Complaint
26  purports to assert that Goodman is the sole owner of the '315 patent and that he has standing to bring
27  this action.  Except as expressly admitted herein, Etron denies each and every remaining allegation
28

of paragraph 7 of the Complaint.

## COUNT ONE

8. In response to paragraph 8 of the Complaint, Etron realleges and incorporates by reference the answers stated in paragraphs 1-7 above.

9. In response to paragraph 9 of the Complaint, Etron denies any and all the allegations in paragraph 9 of the Complaint.

## JURY DEMAND

10. In response to paragraph 10 of the Complaint, Etron admits that the Complaint purports to demand a jury trial on all issues pursuant to Rule 38 of the Federal Rule of Civil Procedure. Except as expressly admitted herein, Etron denies each and every remaining allegation of paragraph 10 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

11. In response to Plaintiff's Prayer for Relief, Etron denies that Plaintiff is entitled to any of the relief requested therein, and further denies that Plaintiff has been injured in any way.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Etron asserts the following defenses. Etron reserves the right to amend its answer with additional defenses as further information is obtained.

### FIRST DEFENSE
**(Failure to State a Claim)**

12. Complaint fails to state a claim against Etron upon which relief may be granted.

### SECOND DEFENSE
**(Non-infringement of the Asserted Patent)**

13. Etron has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '315 patent literally or under the doctrine of equivalents, and is not liable for infringement thereof.

14. Any and all products Etron makes that are accused of infringement in this action have

substantial uses that do not infringe and, therefore, cannot induce or contribute to the infringement of the '315 patent.

15. No product Etron makes, uses, sells, or imports into the United States infringes the '315 patent.

## THIRD DEFENSE
### (Invalidity of the Asserted Patents)

16. Any and all claims of the '315 patent are invalid for failing to comply with the provisions of the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE
### (Failure to Mark)

17. Any claims for damages for alleged patent infringement are barred or limited due to failure to allege compliance with (and failure to comply with) the requirements of 35 U.S.C. § 287.

## FIFTH DEFENSE
### (Unavailability of Relief)

18. Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages prior to providing any actual notice to Etron of the '315 patent.

## SIXTH DEFENSE
### (Prosecution History Estoppel)

**19.** The asserted claims of the '315 patent cannot be enforced against Etron under the doctrine of prosecution history estoppel, and Goodman is estopped or barred from claiming that the asserted claims of the '315 patent cover Etron's products.

## SEVENTH DEFENSE
### (Laches/Prosecution Laches/Estoppel)

20. Any claims for alleged infringement are barred or limited by the doctrine of laches, prosecution laches, and/or equitable estoppel.

## EIGHTH DEFENSE

### (Statute of Limitation)

21. Goodman's claims for relief are barred in whole or in part by the applicable statute of limitations set forth in 35 U.S.C. § 286.

## NINTH DEFENSE

### (Patent Misuse/Unclean Hand)

22. The asserted claims of the '315 patent are unenforceable due to patent misuse and unclean hands.

## TENTH DEFENSE

### (No Suffered damage/Failure to Mitigate)

23. Goodman 's claims in the Complaint are barred in whole or in part because he has not suffered detriment, injury or damage. If Goodman has suffered any injury or damage, then he has failed to mitigate those damages.

## ELEVENTH DEFENSE

### (No Interest)

24. On information and belief, Goodman lacks sufficient right, title or interest in the '315 patent to maintain this suit.

## TWELFTH DEFENSE

### (Inequitable Conduct)

25. On information and belief, each claim of the '315 patent is unenforceable because the applicant of the '315 patent, at the time of prosecution of the '315 patent, deliberately and knowingly affirmatively misrepresented material information and/or violated the duty to disclose all information known to be material to patentability to the PTO, with the intent to deceive the PTO.

## COUNTERCLAIM

Defendant Etron counterclaims against Goodman as follows:

## JURISDICTION AND VENUE

26. Etron's counterclaims arise under the patent laws of the United States Title 35 of U.S.C., and the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202. The Court's jurisdiction over the subject matter of these counterclaims is based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

27. Venue exists in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

28. Etron is a California company with its principal place of business in Santa Clara, California.

29. On information and belief, Goodman is an individual residing in the State of Texas.

## COUNTERCLAIM FOR DECLARATORY RELIEF

30. Etron restates and realleges each of the allegations in the foregoing paragraphs as set forth herein.

31. On February 19, 2008, Goodman filed a civil litigation action against Etron alleging infringement of the '315 patent. By such action, Goodman has created an actual and justiciable case and controversy between itself and Etron concerning whether the '315 patent is valid and whether Etron is infringing any valid claim of the '315 patent.

32. Etron has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '315 patent literally or under the doctrine of equivalents.

33. The '315 patent is invalid for failing to meet the requirement of 35 U.S.C. §§ 101 et seq., and the '315 patent is unenforceable.

34. Etron is entitled to a declaratory judgment that the '315 patent is not infringed by Etron and that the '315 patent is invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Etron prays for the entry of judgment in its favor and against Goodman as follows:

1   A.   Dismissing with prejudice any and all claims asserted in the Goodman's Complaint and entering judgment for Etron and against Goodman on all counts;

B.   Judging that Etron has not directly or indirectly infringed any valid claim of the '315 patent;

C.   Judging that the '315 patent and its claims are invalid;

D.   Judging that the '315 patent and its claims are unenforceable;

E.   Determining that this is an exceptional case under 35 U.S.C. § 285, and awarding Etron its reasonable attorneys' fees, expenses and costs incurred in this action;

F.   Granting Etron such other action and further relief as this Court may deem just and proper, or that Etron may be entitled to as a matter of law or equity.


DATED:  June 20, 2008                              K&L GATES


                                                   By_____/s/_____
                                                      Michael J. Bettinger
                                                      Attorneys for Defendant
                                                      ETRON TECHNOLOGY AMERICA, INC.

## JURY TRIAL DEMANDED

Etron Technology America, Inc., requests a trial by jury on each claim or issue in this action, for which a trial by jury is proper.

DATED: June 20, 2008                                K&L GATES

                                                                 By_____/s/_____
                                                                      Michael J. Bettinger
                                                                      Attorneys for Defendant
                                                                      ETRON TECHNOLOGY AMERICA, INC.